Mark M. Tallmadge (MMT/6598)
BRESSLER, AMERY & ROSS
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
P.O. Box 1980
Morristown, New Jersey 07962
(973) 514-1200
Attorneys for Defendant
 Dean B. Bell, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE E. KERSEY,<br><br>      Plaintiff,<br><br>v.<br><br>BECTON DICKINSON AND CO.;<br>ESTATE OF JOSEPH R. PARADIS;<br>CAROL PARADIS; and DEAN B. BELL,<br><br>      Defendants. | Civil Action No. 08-2155 (JAG)<br><br>**DEFENDANT DEAN B. BELL, ESQ.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

  Defendant, Dean B. Bell, Esq. ("Bell"), by way of Answer to the Complaint filed by plaintiff, George E. Kersey, says:

**ANSWER TO STATEMENT OF JURISDICTION**

  1. Answering the allegations of paragraph 1(a) of plaintiff's Statement of Jurisdiction, Bell admits that he is an attorney licensed to practice law in the state of South Carolina and is a resident of the state of South Carolina. Except as expressly answered herein, Bell denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and leaves plaintiff to his proofs with respect thereto.

2.   Answering the allegations of paragraph 1(b) of plaintiff's Statement of Jurisdiction, this paragraph sets forth conclusions of law and not allegations of fact, and therefore, no answer is required. To the extent an answer may be required, the allegations of this paragraph are denied.

## ANSWER TO CONTRACT CLAIM

3.   Answering the allegations of paragraphs 2 and 3 of the Complaint, Bell denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves plaintiff to his proofs with respect thereto.

4.   Answering the allegation of paragraph 4 of the Complaint, Bell states that this paragraph sets forth conclusions of law and not allegations of fact, and therefore, no answer is required. To the extent an answer may be required, Bell denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and leaves plaintiff to his proofs with respect thereto.

## ANSWER TO THE DEFAMATION COUNT

5.   The allegations of paragraph 5 of the Complaint are denied.

6.   Answering the allegations of paragraph 6 of the Complaint, Bell admits that, acting in his capacity as legal counsel for Carol Paradis, he requested Kersey to turn over certain files. Except as expressly answered herein, Bell denies knowledge of information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and leaves plaintiff to his proofs with respect thereto  Bell denies the allegations of this paragraph insofar as they allege or imply any wrongdoing on behalf of Bell.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every count thereof fails to state a claim upon which relief

can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint and each and every count thereof is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff lacks standing to assert any claims against Bell.

## FOURTH AFFIRMATIVE DEFENSE

Bell has breached no duty or obligation imposed by law or contract to plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

If any injury has occurred as a result of acts alleged by the plaintiff, which Bell denies, then that injury was caused by the acts of the plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to any of the relief sought in the Complaint, since plaintiff comes before this Court with unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by his own unlawful conduct.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of avoidable consequences.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by plaintiff's lack of good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or must be reduced, by virtue of plaintiff's failure to mitigate, minimize or avoid the damages allegedly sustained.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are due to the acts and/or omissions of third persons over which the answering defendant had no control or right of control.

## THIRTEENTH AFFIRMATIVE DEFENSE

The statements of Bell as alleged in the Complaint are not defamatory or actionable as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

The answering defendant reserves the right pending completion of discovery herein to assert any such additional defenses that may exist.

**WHEREFORE**, defendant, Dean B. Bell, Esq., demands judgment in his favor dismissing plaintiff's Complaint as to him with prejudice and awarding any such other costs as the Court deems just and appropriate.

> **BRESSLER, AMERY & ROSS, P.C.**
> Attorneys for Defendant
> Dean B. Bell, Esq.
>
> By: _/s/ Mark M. Tallmadge_
> Mark M. Tallmadge (MMT/6598)

DATED: September 8, 2008

4

Mark M. Tallmadge (MMT/6598)
BRESSLER, AMERY & ROSS
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
P.O. Box 1980
Morristown, New Jersey 07962
(973) 514-1200
Attorneys for Defendant
 Dean B. Bell, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE E. KERSEY,<br><br>                Plaintiff,<br><br>v.<br><br>BECTON DICKINSON AND CO.;<br>ESTATE OF JOSEPH R. PARADIS;<br>CAROL PARADIS; and DEAN B. BELL,<br><br>                Defendants. | Civil Action No. 08-2155 (JAG)<br><br>**AFFIDAVIT OF SERVICE** |

STATE OF NEW JERSEY   )
                     ) ss:
COUNTY OF MORRIS      )

Mark M. Tallmadge, being of full age, according to law, deposes and says:

1. I am an attorney-at-law of the State of New Jersey and a shareholder in the law firm of Bressler, Amery & Ross, P.C., attorneys for defendant Dean B. Bell, Esq.

2. On this date, defendant Bell's Answer to Complaint and Affirmative Defenses was electronically filed with the Clerk of the United States District Court for the District of New Jersey, Bruce J. Hector, Esq., attorney for defendant Becton, Dickinson and Company, and Jonathan M.H.

Short, Esq., McCarter & English, LLP, attorneys for defendants Carol Paradis and the Estate of Joseph R. Paradis.

  3. On this date, a copy of same was forwarded via first class mail to plaintiff George E. Kersey, P.O. Box 1073, Framingham, MA 01701.

_____<br>Mark M. Tallmadge

Sworn and subscribed to before me
this 8th day of September, 2008.

_____

JANE A. GAGE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 9/18/2010

2