UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GEORGE E. KERSEY,**<br><br>　　　**Plaintiff,**<br><br>　v.<br><br>**BECTON DICKINSON AND CO.,** *et al.***,**<br><br>　　　**Defendants.** | Civ. No. 2:08-cv-02155 (WJM)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**THIS MATTER** comes before the Court upon Plaintiff's motion to "oppose request for judgment in favor of defendant Dean B. Bell and Kersey and request for jury determination of facts." For the reasons set forth below, the motion is denied.

Plaintiff George E. Kersey filed this defamation action against Dean Bell and others, alleging that Mr. Bell falsely stated that Plaintiff was having problems with his license to practice law. The Hon. Garrett E. Brown, Jr., U.S.D.J. found that Mr. Bell's statements were "unquestionably true," as Plaintiff had been disbarred in both Massachusetts and New Hampshire. Memo. Op. at 7, ECF No. 40. On May 6, 2010, Judge Brown entered summary judgment in favor of Mr. Bell and dismissed Plaintiff's Complaint with prejudice. ECF Nos. 40 and 41. The Court also held that Plaintiff's Complaint violated Fed. R. Civ. P. 11. *Id.* As such, on June 21, 2010, the Court entered an Order compelling Plaintiff to reimburse Mr. Bell $33,061.08 in attorneys' fees and costs as a Rule 11 sanction. *See* ECF No. 47. Plaintiff appealed both the May 6, 2010 and June 21, 2010 Orders to the U.S. Court of Appeals for the Third Circuit.

1

On June 24, 2011, the Third Circuit entered a Judgment affirming the May 6, 2010 and June 21, 2010 Orders in all respects. *See* ECF No. 52. The Third Circuit taxed costs against Plaintiff in the amount of $113.20, and granted Mr. Bell's motion for attorneys' fees in the amount of $16,852.00. *See* ECF Nos. 53 and 54. On September 14, 2011, this Court entered judgment in favor of Mr. Bell in the amount of $50,026.28, embodying the monetary relief awarded to Mr. Bell by both this Court and the Court of Appeals. *See* ECF No. 56. More than two weeks after entry of the judgment, Plaintiff wrote a letter to this Court to oppose Mr. Bell's request for a judgment. ECF No. 57. On November 9, 2011, Plaintiff filed the instant motion purporting to oppose entry of the judgment. *See* ECF No. 60. As judgment has already been entered, the Court will construe Plaintiff's motion as a motion to vacate the judgment.

Fed. R. Civ. P. 60(b) sets forth the limited circumstances under which a final judgment may be vacated. Mr. Kersey does not assert that any of the Rule 60(b) grounds for relief exist here. Instead, he merely seeks reconsideration of issues that have already been determined. *See* Pl.'s Mot. at 15, ECF No. 60 ("[T]he District Court wrongly granted Bell's motion for summary judgment"); Pl.'s Mot. at 2 ("The District Court incorrectly held that Kersey's claims against defendant Bell were frivolous"); Pl.'s Ltr. at 1, ECF No. 57 ("[T]he appellate Court . . . incorrectly entered a Judgment affirming the June 21, 2010 Orders in all respects").

Because Plaintiff offers nothing more than disagreement with the prior Opinions of this Court and the Court of Appeals, his motion is meritless and improper. *See Bernheim v. Jacobs*, 144 Fed. Appx. 218, 222 (3d Cir. 2005) (citing *Seese v.*

*Volkswagenwerk, A.G.*, 679 F.2d 336 (3d Cir. 1982) ("[W]hen reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of [the Court of Appeals] on the basis of matters included or includable in [the party's] prior appeal."). Further, the motion is untimely under Fed. R. Civ. P. 60(c), as the District Court's orders were entered more than a year ago. *See* Fed. R. Civ. P. 60(c) (requiring motions pursuant to Rule 60(b)(1), (2) and (3) to be filed "no more than a year after the entry of the judgment or order or the date of the proceeding).

For the foregoing reasons, and for the reasons set forth in the Opinions and Orders of this Court and the Third Circuit, and for good cause shown;

**IT IS** on this 29th day of May 2012, hereby,

**ORDERED** that Plaintiff's motion to "oppose request for judgment in favor of defendant Dean B. Bell and Kersey and request for jury determination of facts" is **DENIED**.

      /s/ William J. Martini  
    **WILLIAM J. MARTINI, U.S.D.J.**